UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 5:23cr00006 |
| | : | |
| **ANDRES GONZALEZ-VICENCIO** | : | |

### STATEMENT OF FACTS

The parties stipulate that the allegations contained in the Indictment and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of these facts beyond a reasonable doubt.

In or around January and February 2023, the Northwest Virginia Regional Drug and Gang Task Force ("Task Force") participated in a narcotics investigation involving Andres GONZALEZ-VICENCIO, Ivan Ruiz-Gonzalez, and Hector Manuel Espinosa. The investigation involved numerous controlled purchases and the execution of two search warrants.

Between January 10, 2023 and February 17, 2023, the Task Force conducted five controlled purchases of methamphetamine from GONZALEZ-VICENCIO. In each case a confidential informant working with the Task Force purchased the methamphetamine directly from GONZALEZ-VICENCIO and the quantity of methamphetamine purchased ranged from a half-ounce to an ounce. Each controlled purchase was recorded and surveillance was conducted by the Task Force.

On February 21, 2023, the Task Force arranged for a controlled purchase of a pound of methamphetamine from GONZALEZ-VICENCIO, again employing the use of a confidential informant. The confidential informant met GONZALEZ-VICENCIO in White Post, Virginia, in order to conduct the transaction. The confidential informant delivered $12,000 in recorded buy money to GONZALEZ-VICENCIO.[1] GONZALEZ-VICENCIO did not have the methamphetamine with him at the time, needing instead to make arrangements with Ruiz-Gonzalez to obtain the drugs. After having received the $12,000 from the confidential informant, GONZALEZ-VICENCIO returned to his residence at 375 Cedarwood Lane, White Post, Virginia, a residence he then shared with Ruiz-Gonzalez. A short while later, GONZALEZ-VICENCIO left his residence, this time Ruiz-Gonzalez was in the vehicle with him. The two drove to Hector Espinosa's residence located at 102 Hackberry Drive, Stephen City, Virginia in order to obtain the

---

[1] The confidential informant was provided with an additional $1800 in order to pay for methamphetamine previously fronted to the confidential informant by GONZALEZ-VICENCIO during a previous drug transaction, as well as to pay a prior drug debt owed to GONZALEZ-VICENCIO.

*Defendant's Initials:* _____

A IG J·

methamphetamine. Upon arrival, Ruiz-Gonzalez left the vehicle and went inside Espinosa's residence. After a couple minutes, Ruiz-Gonzalez exited Espinosa's residence concealing a brown bag in his shirt. The brown bag contained approximately a pound of methamphetamine. Ruiz-Gonzalez gave the methamphetamine to GONZALEZ-VICENCIO who had remained in his vehicle. GONZALEZ-VICENCIO then left the residence alone in order to retrieve the $12,000 buy money he had left at his residence and Ruiz-Gonzalez remained at Espinosa's residence to wait for GONZALEZ-VICENCIO to return with the money.

After Ruiz-Gonzalez delivered the methamphetamine to GONZALEZ-VICENCIO, the Task Force executed a search warrant at Espinosa's residence wherein Espinosa and Ruiz-Gonzalez had remained. Both were detained at this time. Simultaneously, GONZALEZ-VICENCIO was stopped by the Task Force in the driveway of his White Post, Virginia, home. At the time of the stop, GONZALEZ-VICENCIO had $6800 of the Task Force buy money in his pocket.

The methamphetamine that Ruiz-Gonzalez picked up from Espinosa and delivered to GONZALEZ-VICENCIO was ultimately seized by law enforcement. The seized methamphetamine was subsequently sent to the Drug Enforcement Administration ("DEA") laboratory for chemical analysis. By a DEA lab certificate dated March 9, 2023, the DEA reported the substance to be 458.72 grams of methamphetamine hydrochloride with a purity of 96%.

GONZALEZ-VICENCIO's actions occurred in the Western District of Virginia.

The actions taken by GONZALEZ-VICENCIO as described above were taken willfully, knowingly, and with the specific intent to violate the law. GONZALEZ-VICENCIO did not take those actions by accident, mistake, or with the belief that they did not violate the law. GONZALEZ-VICENCIO acknowledges that the purpose of the foregoing statement of facts is to provide an independent factual basis for his guilty plea. It does not necessarily identify all the persons with whom GONZALEZ-VICENCIO might have engaged in illegal activity or all the evidence that the United States would introduce at trial.

Respectfully submitted,

Ronald M. Huber
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Andres Gonzalez-Vicencio, Defendant

Defendant's Initials: A G V

I am Andres GONZALEZ-VICENCIO's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
A. Gene Hart, Esq.
Counsel for Defendant

*Defendant's Initials:* _____   A B V