UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 5:23cr00006 |
| | : | |
| IVAN RUIZ-GONZALEZ | : | |

### STATEMENT OF FACTS

The parties stipulate that the allegations contained in the Indictment and the following facts are true and correct, and that had this matter gone to trial, the United States would have proven each of these facts beyond a reasonable doubt.

In or around January and February 2023, the Northwest Virginia Regional Drug and Gang Task Force ("Task Force") participated in a narcotics investigation involving Ivan RUIZ-GONZALEZ, Andres Gonzalez-Vicencio, and Hector Manuel Espinosa. The investigation involved numerous controlled purchases and the execution of two search warrants.

On February 21, 2023, the Task Force arranged for a controlled purchase of a pound of methamphetamine from Gonzalez-Vicencio employing the use of a confidential informant. The confidential informant met Gonzalez-Vicencio in White Post, Virginia, in order to conduct the transaction. The confidential informant delivered $12,000 in recorded buy money to Gonzalez-Vicencio.[1] Gonzalez-Vicencio did not have the methamphetamine with him at the time, needing instead to make arrangements with RUIZ-GONZALEZ to obtain the drugs. After having received the $12,000 from the confidential informant, Gonzalez-Vicencio returned to his residence at 375 Cedarwood Lane, White Post, Virginia, a residence he then shared with RUIZ-GONZALEZ. A short while later, Gonzalez-Vicencio left his residence, this time RUIZ-GONZALEZ was in the vehicle with him. The two drove to Espinosa's residence located at 102 Hackberry Drive, Stephen City, Virginia in order to obtain the methamphetamine. Upon arrival, RUIZ-GONZALEZ left the vehicle and went inside Espinosa's residence. After a couple minutes, RUIZ-GONZALEZ exited Espinosa's residence concealing a brown bag in his shirt. The brown bag contained approximately a pound of methamphetamine. RUIZ-GONZALEZ gave the methamphetamine to Gonzalez-Vicencio who had remained in his vehicle. Gonzalez-Vicencio then left the residence alone in order to retrieve the $12,000 buy money he had left at his residence and RUIZ-GONZALEZ remained at Espinosa's residence to wait for Gonzalez-Vicencio to return with the money.

---

[1] The confidential informant was provided with an additional $1800 in order to pay for methamphetamine previously fronted to the confidential informant by Gonzalez-Vicencio during a previous drug transaction, as well as to pay a prior drug debt owed to Gonzalez-Vicencio.

*Defendant's Initials:* ___IR___

After RUIZ-GONZALEZ delivered the methamphetamine to Gonzalez-Vicencio, the Task Force executed a search warrant at Espinosa's residence wherein Espinosa and RUIZ-GONZALEZ had remained. Both were detained at this time. RUIZ-GONZALEZ was then interviewed by law enforcement. After having been *Mirandized*, RUIZ-GONZALEZ acknowledged that he had traveled with Gonzalez-Vicencio to Espinosa's residence for the sole purpose of picking up the methamphetamine, that he picked up the methamphetamine from Espinosa and delivered it to Gonzalez-Vicencio, and that at the time of his arrest, he was waiting at Espinosa's home for Gonzalez-Vicencio to return with payment for the methamphetamine.

The methamphetamine that RUIZ-GONZALEZ picked up from Espinosa and delivered to Gonzalez-Vicencio was ultimately seized by law enforcement. The seized methamphetamine was subsequently sent to the Drug Enforcement Administration ("DEA") laboratory for chemical analysis. By a DEA lab certificate dated March 9, 2023, the DEA reported the substance to be 458.72 grams of methamphetamine hydrochloride with a purity of 96%.

RUIZ-GONZALEZ's actions occurred in the Western District of Virginia.

The actions taken by RUIZ-GONZALEZ as described above were taken willfully, knowingly, and with the specific intent to violate the law. RUIZ-GONZALEZ did not take those actions by accident, mistake, or with the belief that they did not violate the law. RUIZ-GONZALEZ acknowledges that the purpose of the foregoing statement of facts is to provide an independent factual basis for his guilty plea. It does not necessarily identify all the persons with whom RUIZ-GONZALEZ might have engaged in illegal activity or all the evidence that the United States would introduce at trial.

Respectfully submitted,

_____
Ronald M. Huber
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day, I stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Ivan Ruiz-Gonzalez, Defendant

*Defendant's Initials:* I R

      I am Ivan RUIZ-GONZALEZ's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

                                                  _____
                                                  Andrew Graves, Esq.
                                                  Counsel for Defendant

*Defendant's Initials:* __IR__