CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
6/6/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:23-cr-00006-001 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HECTOR MANUEL ESPINOSA, | ) | By:    Hon. Thomas T. Cullen |
| | ) |           United States District Judge |
| Defendant. | ) | |

    This matter is before the court on the Government's motion to compel and renewed motion to continue the hearing on Defendant Hector Espinosa's motion for new trial, which is currently set for June 20, 2025. (ECF No. 255.) The court denied the Government's first motion to continue on May 30, 2025, concluding that the Government is not legally entitled to the discovery it seeks and consequently no hearing is required to allow the Government to review that discovery in advance of that hearing. (*See* ECF No. 253.) Unhappy with that ruling, the Government filed the instant motion 6 days later.

    In response to the court's prior ruling that the Government is not legally entitled to the discovery it seeks to compel, the Government points to the court's inherent authority and the fact that "exchanging witness[es] pre-trial is a matter of routine in this district."[1] (ECF No. 255 at 3.) In particular, the Government cites a recent case in the Abingdon Division in which the court exercised its inherent power to compel the defendant to disclose the defense expert's raw data. *See United States v. White*, No. 2:22-cr-029-01, 2025 WL 92995, at *1 (W.D. Va. Jan

---

[1] This court cannot speak for the practice of other judges in this district, but at every pre-trial conference it conducts, this court advises the defendant that he is not required to put on any evidence or witnesses and that he should foreshadow the case he plans to put on only to the extent he chooses.

14, 2025) (Urbanski, S.J.). But *White* is readily distinguishable on two grounds. First, *White* concerned expert disclosures under Federal Rule of Criminal Procedure 16, whereas this case concerns *Jenks* Act disclosures. Second, *White* concerned raw data underlying an expert's report, whereas this case concerns the identity of certain witnesses, which is qualitatively different information. The court does not disagree that it has the discretionary, equitable, and inherent authority to compel the discovery the Government seeks. But, as the court's prior order should have made clear, the court is not inclined to exercise its authority in that manner in this case.

As the Government concedes, there are cases in which the "general practice" of disclosing witness identities in advance yields to other considerations. The Government points to one such scenario: when "safety concerns or publicity concerns . . . accompany the Government's request to delay in disclosing witness names." (ECF No. 255 at 5.) But the Government's safety and publicity concerns do not represent the whole panoply of reasons to withhold witness identities until after the witness has testified on direct examination. The mere fact that one reason does not apply does not require a ruling in the Government's favor.

Nonetheless, the Government correctly points out that the court's truth-seeking function is impaired if the Government cannot investigate the witnesses and corroborate their testimony before it cross examines them. For that reason, if the Government wishes to do so, it may move *after* the witnesses have testified on direct examination, for a continuance of the remainder of the hearing so that it may conduct said investigation prior to cross-examination and its presentation of evidence in rebuttal. Should the Government choose to do so, the

court will bifurcate the hearing and reschedule the remainder of the hearing for an appropriate date.[2]

For these reasons, the Government's motion to compel and second motion to continue is **DENIED**.

The Clerk is directed to forward a copy of this Order to the parties.

**ENTERED** this 6th day of June, 2025.

*/s/Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] If the Defendant is opposed to such delay in adjudication of his motion for new trial, he may disclose the identity of the witnesses to the Government prior to the hearing. But the court will not order him to do so.