IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 5:23CR00006 |
| | ) | |
| HECTOR MANUEL ESPINOSA | ) | |

**UNITED STATES' RESPONSE IN**
**OPPOSITION TO DEFENDANT'S MOTION FOR NEW TRIAL**

The Court should deny the Defendant's Motion for New Trial, ECF No. 240, because Ivan Ruiz testified truthfully at trial. The Court can conclude this from the testimony Ruiz will provide at the evidentiary hearing on June 20, 2025, as well as the corroborating evidence at trial. Instead, Ruiz was coerced, threatened, and instructed by the Defendant to call the Defendant's prior attorneys and make his supposed recantation. Because of the nature of the evidentiary hearing, the United States requests a further opportunity following the hearing to present supplemental briefing. In support of its opposition, the United States asserts as follows:

**Legal Standard**

"Where a motion for a new trial is based upon recantation of testimony given at the trial, such recantation is looked upon with the *utmost suspicion." United States v. Johnson*, 487 F.2d 1278, 1279 (4th Cir. 1973) (internal citation omitted) (emphasis added). "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. A motion for a new trial based on the recantation of testimony by a material government witness may be granted when:

"(a) The court is reasonably well-satisfied that the testimony given

1

>by a material witness is false;
>(b) That without it the jury might have reached a different conclusion; and
>(c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial."

*United States v. Wallace*, 528 F.2d 863, 866 (4th Cir. 1976); *see also United States v. Stallworth*, 466 F. App'x 218, 223 (4th Cir. 2012). "The failure to meet any one of the *Wallace* test's three prongs is fatal" to pursuing a motion for new trial. *United States v. Lighty,* 616 F.3d 321, 374–75 (4th Cir. 2010).

"Where the circumstances surrounding the recantation suggest it is the result of coercion, bribery, or misdealing the district court is justified in disregarding it." *Johnson*, 487 F.2d at 1279. Further, the Court should deny a motion for new trial based on recantations where the recantation is inconsistent and contradictory to the facts at trial. *See Johnson*, 487 F.2d at 1279 (finding it is appropriate for the Court to draw "upon the knowledge and observations gained by having presided at the original trial."); *United States v. Stallworth,* 466 F. App'x 218, 223 (4th Cir. 2012) (denying motion for new trial where "recantations [were] overwhelmingly inconsistent and unreliable"); *United States v. Roberts*, 262 F.3d 286, 294 (4th Cir. 2001) (district court properly denied motion for new trial where recanting witness was "playing games with the court" and "was cryptic and contradictory"); *United States v. Yosuf*, 508 F. Supp. 24, 30 (E.D. Va. 1980) ("these affidavits [attacking a witness's credibility] are of such a general nature and are so lacking in specifics as to be insignificant when compared to the record made at the trial.").

## **Factual Basis**

The Court should conclude from the facts elicited at trial and the verdict of the jury that

Ivan Ruiz did not provide false testimony. Further, outlined below is a summary of the evidence the Government expects to elicit at the June 20, 2025 evidentiary hearing.

A. <u>The Evidence at Trial Supported Ruiz's Testimony.</u>

The Court heard the Government's evidence at trial. Importantly, this included two controlled purchases where a confidential informant purchased methamphetamine from Andres Vicencio. On these occasions, law enforcement performed surveillance and followed Vicencio and Ivan Ruiz from their residence to the Defendant's home. Ruiz entered the Defendant's home, met with the Defendant, and obtained the methamphetamine. Ruiz then returned to Vicencio's vehicle to provide him with the methamphetamine. On the first occasion, Ruiz and Vicencio traveled to a location with Vicencio sold the methamphetamine to the informant. On the second occasion, Vicencio traveled alone to meet with the informant, while Ruiz waited as collateral for payment.

These transactions were set up via Facebook messenger between Ruiz and the Defendant. In these messages, Ruiz and the Defendant talked in code, referring to pounds of methamphetamine as pounds of carnitas. In these messages, Ruiz offered to store the product at his home. Ruiz explained they needed to work with the new customer slowly. Ruiz asked the Defendant to set aside the product for several days while the details of the transactions were set up.

When law enforcement arrived at the Defendant's home to execute a search warrant, they found him with a firearm tucked into his waistband. They also found body armor at his home. Importantly, they did not find evidence of a catering operation or "carnitas" in the home. This was depicted in pictures law enforcement took during the search of the home where no such evidence was found. During the search of Vicencio's home and vehicle no other evidence of "carnitas" were

found.

B. <u>The Government Expects to Elicit Additional Evidence Showing Ruiz Did Not Provide False Testimony.</u>

In summary the Government expects to elicit the following evidence on June 20, 2025, but requests the opportunity to present additional evidence, if necessary, because it has not been afforded the identities of the alleged witnesses used in support of the Motion for New Trial.

*1. Ivan Ruiz did not provide false testimony and his statements to counsel were coerced.*

The Government expects to call Ivan Ruiz about the events following the trial and conviction of the Defendant. Ruiz is expected to testify that following the trial, he began hearing from other inmates that the Defendant had placed a hit on him, that is the Defendant was requesting others to remove Ruiz from his cell and assault him. For his safety, Ruiz placed himself in segregation and was there for several days. While in segregation, Ruiz could not see other inmates but could hear them.

Towards the end of his period in segregation, approximately December 5, 2024, the Defendant appeared in segregation. Ruiz could hear the Defendant talking about him. The Defendant identified which pod (area of the jail) Ruiz was in. Another inmate asked Ruiz about that pod. When Ruiz responded, the Defendant recognized his voice.

Ruiz knew the Defendant to be a high-ranking and dangerous gang member. The Defendant began threatening Ruiz's life, as well as the lives of his family. The Defendant described that he was going to kill Ruiz and chop him up, and that he would do the same to Ruiz's children. The Defendant told Ruiz that the Defendant could make a call at any point and that Ruiz's children are not safe. The Defendant continued to make these threats at Ruiz for hours.

The Government expects that Ruiz will testify that, after several hours of being berated by the Defendant's specific threats to him and his family, he panicked and engaged in conversation with the Defendant. The Defendant told Ruiz to say that he lied and that if he did so, he would not give the "green light" (a term meaning hit, or go-ahead to murder) on Ruiz.

Faced with this threat, Ruiz agreed he would say that he lied at trial. The Defendant then told Ruiz that Ruiz must tell the Defendant's attorneys. The Defendant provided Ruiz with the contact information. The following day, Ruiz called the Defendant's attorneys.[1] Ruiz told the attorneys that he wanted to make things right.

The Government expects Ruiz to testify that his statements to the Defendant's attorneys were made because of threats from the Defendant. Further, Ruiz stands by his trial testimony and does not recant his sworn testimony. Ruiz reported this to his attorney on December 6, 2024. He further reported this when interviewed by the Government on December 10, 2024.

2. *Andres Vicencio was also approached by the Defendant.*

The Government expects to elicit testimony that co-defendant and trial witness, Andres Vicencio, was also approached by the Defendant and that the Defendant told Vicencio to contact the Defendant's attorneys, but that this contact never transpired.

3. *There were threats on Ruiz's life at the Rockingham County Jail.*

The Government expects to elicit testimony that Deputy Alvarez, a correctional officer the Rockingham County Jail responsible for classification, received information from another inmate that there was a hit out on the life Ruiz.

---

[1] Because the phone number dialed was that of an attorney on file with the jail, the call was not recorded.

5

**Argument**

This Court should deny the Defendant's Motion for New Trial because Ruiz's testimony at trial was true. In order to grant the Motion for New Trial, the Court must, in part, be "reasonably well-satisfied that the testimony given by a material witness is false." *United States v. Wallace*, 528 F.2d 863, 866 (4th Cir. 1976). By failing a single prong of the *Wallace* test, the Court must deny the Defendant's Motion. Here, the Court cannot make a finding that the testimony was false for three reasons:

A. <u>Ruiz has not recanted his testimony.</u>

The underpinning of the Defendant's argument is that Ruiz has recanted his trial testimony. However, this is not true. As the Defendant was made aware through the disclose of Ruiz's interview on December 10, 2024, Ruiz stands by his trial testimony and that he told the truth. The cases discussed by the Government above and described by the Defendant in his Motion are where a witness has recanted and maintains that recantation. In most of those cases, the witness did so by sworn affidavit. Here, Ruiz briefly made a single, unsworn statement to the Defendant's attorneys that supposedly recanted his trial testimony in a summary fashion. Ruiz does not maintain the recantation. Accordingly, since Ruiz's testimony was not "false," the Defendant cannot show the first prong of the *Wallace* test and his Motion for New Trial fails.

B. <u>Ruiz was coerced to make the statements he did make to counsel.</u>

The Fourth Circuit has rightly recognized that recantation of trial testimony should be viewed "with the *utmost suspicion.*" *United States v. Johnson*, 487 F.2d 1278, 1279 (4th Cir. 1973) (internal citation omitted) (emphasis added). Further, the Court should examine "[w]here the circumstances surrounding the recantation suggest it is the result of coercion, bribery, or

misdealing the district court is justified in disregarding it." *Id*.

Here, the expected evidence directly points to the Defendant's coercion to make Ruiz contact his attorneys and report that he had lied. This is supported by the Defendant's role in a dangerous gang and his possession of a firearm at the time of the offense. It is further supported by Ruiz's expected testimony that the Defendant repeatedly harassed and threated Ruiz to make him comply. But, this testimony is also corroborated by the expected testimony that there was a hit on Ruiz at the jail and that the Defendant similarly attempted to contact and coerce Vicencio. The Court should be suspicious of these circumstances, find that the totality of the evidence suggests that the statements made were a result of coercion, and accordingly deny the Motion for New Trial.

C. <u>Any supposed recantation directly contradicts the evidence at trial.</u>

The evidence at trial overwhelmingly supports that Ruiz's testimony was true. That is, in order for the Court to be "reasonably well-satisfied" that Ruiz's testimony was false, the Court must also look to the evidence at trial and conclude that such recantation makes sense. The Fourth Circuit instructs this Court to use "the knowledge and observations gained by having presided at the original trial." *Johnson*, 487 F.2d at 1279. Further, a Court should deny a motion for new trial where the recantation is "overwhelmingly inconsistent and unreliable," *United States v. Stallworth*, 466 F. App'x 218, 223 (4th Cir. 2012), or otherwise "contradictory." *United States v. Roberts*, 262 F.3d 286, 294 (4th Cir. 2001).

Here, the allegations made by the Defendant about Ruiz's supposed recantation are vague. They are, essentially, that Ruiz lied and is sorry for lying at trial. However, this "recantation" fails to explain any of the evidence at trial. Principally, why did Vicencio and Ruiz have to travel to the

7

Defendant's house immediately before each drug transaction? Why were Ruiz and the Defendant discussing setting aside "carnitas" for days? Why was Ruiz offering to store the Defendant's product at his home? Where was the evidence of a catering operation or any "carnitas" at the Defendant's home or in Valencio's vehicle? Why was it the Defendant who carrying a firearm in his waistband? Why were Ruiz and the Defendant waiting for Vicencio to return with cash? How does this "food defense" explain anything that occurred during the first transaction?

The Government could enumerate more questions that are raised by this supposed recantation and did so in its closing argument. At bottom, even if the Court believed that Ruiz intended to recant his testimony and that it was not a product of the Defendant's threats, it should reject finding that it was false because the supposed recantation is unreliable, inconsistent, and contradictory. The recantation explains nothing and the Court should disregard it, denying the Defendant's Motion.

## Conclusion

Accordingly, this Court should deny the Defendant's Motion for New Trial, ECF No. 240.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

s/Sean M. Welsh
Sean M. Welsh, VSB No. 89660
Assistant United States Attorney
United States Attorney's Office
255 West Main Street, Room 130
Charlottesville, VA 22902
Tel:   434.293.4283
Sean.Welsh@usdoj.gov

## **C E R T I F I C A T E**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk by CM/ECF system, which will send notification of such filing to all counsel of record, on this 9th day of June, 2025.

s/Sean M. Welsh<br>
Sean M. Welsh